# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER JONES,<br>　　　　　　Plaintiff,<br><br>v.<br><br>SOLID WASTE SERVICES, INC., d/b/a<br>J.P. MASCARO & SONS<br>　　　　　　Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

Plaintiff, Jennifer Jones, by and through counsel, brings this Complaint. Plaintiff asserts her claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, as a collective action pursuant to § 216(b), and asserts her remaining claims as a class action under Federal Rule of Civil Procedure 23. In support thereof, Plaintiff avers the following:

## PARTIES AND JURISDICTION

1.　　Jennifer Jones, as lead plaintiff, is an adult individual residing at 624 Arthur Street, Hamburg, Berks County, Pennsylvania.

2.　　Defendant Solid Waste Services, Inc., with fictitious trade name J.P. Mascaro & Sons, is a Pennsylvania corporation, identifying its headquarters address as 2650 Audubon Road, Audubon, Montgomery County, Pennsylvania.

3.　　This Court may exercise original subject matter jurisdiction over the Fair Labor Standards Act claim because it arises under the laws of the United States and seeks redress for violations of federal law.

4. This Court may maintain supplemental jurisdiction over state-law claims set forth herein, because they are sufficiently related to the claims within the Court's original jurisdiction such that they form part of the same case or controversy.

5. Venue properly lies in this Court because the parties reside or exist within the district of this Court and because the acts or omissions giving rise to the claims occurred in this judicial district.

## FACTS

6. This action is brought under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.45.

7. Defendant is a business entity in the practice of waste management and disposal for profit.

8. Defendant is an employer covered by the FLSA and WPCL.

9. On information and belief, Defendant is covered under the FLSA's enterprise coverage provision because it employs at least two employees and has an annual dollar volume of sales or business done of at least $500,000.00. On information and belief, Defendant is also engaged in interstate commerce.

10. Defendant employed Plaintiff first as an "administrative assistant," in a secretarial role, and recruiter and then promoted her to a more supervisory position in a clerical environment. At all times, Plaintiff reported to a senior employee and had little if any independent decision-making authority. Her employment lasted from September 9, 2022 to February 13, 2023.

11. Defendant required Plaintiff to work fifty (50) hours per week, working ten (10) hours per day for five (5) days of each week. Defendant imposed this schedule every week of the year, working a Saturday if a holiday fell within the workweek.

12. It was always maintained by Defendant, through Defendant's employees, agents, and/or contractors, that Plaintiff would be terminated and replaced if she did not meet the fifty (50) hour per week demand.

13. Plaintiff was paid a salary of $45,000.00 per year.

14. Plaintiff was not compensated in addition to her base salary for the ten (10) hours of overtime she was required to work every week.

15. Plaintiff never signed, and never accepted, any agreement or arrangement to become exempt from FLSA's wage and hour requirements. On information and belief, neither did any other putative class member.

16. Plaintiff was never a *bona fide* salaried executive, administrative, or professional employee exempt from FLSA.

17. Defendant assured it would increase Plaintiff's salary ninety (90) days after it repositioned her into a more senior role, but the same never occurred.

18. Defendant acted willfully in inflexibly demanding its employees work mandatory overtime while planning not to compensate them for that overtime as the law requires.

19. Defendant acted in reckless disregard for the right of its employees to full payment for their labor as required by law.

## COLLECTIVE AND CLASS ALLEGATIONS

20. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals, who during any time within the last five years, have been employed by Defendant (or

any affiliated business entity) with salary but who were instructed and expected to work more than forty-(40)-hour workweeks without compensation for overtime. Plaintiff's FLSA claim should proceed as a collective action under 29 U.S.C. § 216(b) because Plaintiff and other putative collective members, having worked for the same defendant pursuant to the common hours and compensation policies described herein, are similarly situated.

21. Plaintiff brings her WPCL and other state-law claims as a class action on behalf of all individuals, who during any time within the last five years, have been employed by Defendant (or any affiliated business entity) with salary but who were instructed and expected to work more than forty-(40)-hour workweeks without compensation for overtime.

22. The class action requisites set forth in Federal Rule of Civil Procedure 23 are satisfied, and therefore, class action treatment of Plaintiffs' WPCL and state-law claims is appropriate.

23. The class members are readily ascertainable based on Defendant's payroll records and are believed and averred to be so numerous that joinder of all class members is impracticable. Defendant's time and payroll records would divulge those who meet the terms of the class.

24. Defendant's conduct concerning the class members raises questions of law and fact common to all class members. Common factual questions include, among others, the development and implementation of office-wide and uniform payroll, timekeeping, and compensation practices, working expectations, notices given to onboarding employees, the possibly-exempt status of Defendant as an employer, and/or other common policies and practices relating to employment. The legality of these policies and practices will be determined through the application of general legal principles to common facts.

25. Plaintiff is a class member, her claims are typical of the claims of other class members, and Defendant's corresponding defenses would be identical as to every class member because all claims are based on the same legal theories and remedies. Plaintiff's allegations that Defendant violated the WPCL compensation provisions by uniformly failing to compensate her for all legally compensable time is sufficiently aligned with the interests of other class members that Plaintiff's pursuit of her own interests will benefit all class members.

26. Plaintiff will fairly and adequately assert and protect the interests of all class members because, among other things, Plaintiff is represented by experienced counsel who is well-prepared to litigate this action vigorously and competently on behalf of the class members, there are no conflicts of interest, and Plaintiff and her counsel have adequate financial resources to assure that the class members' interests will not be harmed.

27. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

29. Based on the foregoing, Plaintiff and the class members were or are employees entitled to FLSA's protections.

30. Based on the foregoing, Defendant is an employer covered by FLSA.

31. The FLSA requires that employees receive compensation for all hours worked and for overtime at a rate of one-and-one-half the regular rate, even if the employee is salaried, for all

time worked beyond forty hours per workweek. Plaintiff and all others do not meet the classification standards for any of the overtime exemptions under the FLSA.

32. Based on the foregoing, Defendant did not compensate Plaintiff and the class members in accordance with the law's overtime requirements.

33. Based on the foregoing, Plaintiff and the class members are not executive, administrative, or professional employees whose salary need not be adjusted to account for overtime.

WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages, including doubly liquidated damages under FLSA, plus interest, costs, and attorneys' fees, and punitive damages, and for such other relief as this Honorable Court deems just and appropriate.

## COUNT II: VIOLATION OF PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

34. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

35. Based on the foregoing, Plaintiff and the class members were or are employees entitled to WPCL's protections.

36. Based on the foregoing, Defendant is an employer covered by WPCL.

37. The WPCL confers onto employees the right to institute legal actions to collect wages payable to them by employers.

38. Defendant's failure to pay Plaintiff and the class members earned overtime wages, within the grace period or within any period, violates the WPCL.

39. Further, Defendant promised Plaintiff it would increase her salary after ninety (90) days worked in her senior position. An augmented salary was owing after those days but never provided.

WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages, including liquidated damages, plus interest, costs, and attorneys' fees, and punitive damages, and for such other relief as this Honorable Court deems just and appropriate.

## COUNT III: BREACH OF IMPLIED CONTRACT

40. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

41. Plaintiff and the class members formed an arrangement with Defendant in which Defendant accepted that they would work and produce value for Defendant, and the law implies a contract where, Defendant having received that value, Defendant is obligated to provide exchange consideration for receipt of that value.

42. The work was such that it would never be produced in the absence of an implied agreement that consideration would be provided.

43. Consideration had been sufficiently established by the custom and course of performance of the parties and by the law's supplementation of the terms of the contract, such that it embodies all material terms.

44. Defendant has breached the implied contract by failing to compensate Plaintiff and the class members according to the contract.

45. This breach proximately caused damages in the form of uncompensated labor performed at the minimum rate and basis of compensation as established by law.

WHEREFORE, Plaintiff respectfully requests judgment in her favor for damages, including liquidated damages, plus interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: July 11, 2023                    By: *Joel A. Ready*
                                            Joel A. Ready, Esquire
                                            I.D. # 321966
                                            8500 Allentown Pike, Suite 3
                                            Blandon, PA 19510
                                            (610) 926-7875
                                            *Counsel for Plaintiff*

## VERIFICATION

I am Jennifer Jones, Plaintiff in the within instrument. I hereby verify that facts set forth herein are true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 07/11/2023

*Jennifer Jones (Jul 11, 2023 10:38 EDT)*

Jennifer Jones