## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER JONES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-02648-JMG |
| | : | |
| SOLID WASTE SERVICES, INC., | : | |
| doing business as | : | |
| J.P. MASCARO & SONS, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 8th day of January, 2024, upon consideration of Plaintiff's First Motion to
Certify Class (ECF No. 21) and Defendant's Response (ECF No. 22), **IT IS HEREBY ORDERED**
that Plaintiff's Motion (ECF No. 21) is **DENIED without prejudice**.[1]

---

[1] The Court set a deadline for filing this Motion following the close of Phase 1 discovery with the
expectation that Plaintiff would seek class certification aided by supporting evidence beyond their
Complaint's allegations. That did not occur. Plaintiff's Motion lacks even a single citation to
supporting evidence. "While the class proponent's burden is not heavy, more than mere conjecture or
conclusory allegations are required to enable a court to conclude that the class certification
requirements are met." *Muscarella v. Commonwealth of Pennsylvania*, 39 A.3d 459, 467 (Pa.
Comm. Ct. 2012) (*citing Dunn v. Allegheny Cnty. Prop. Assessment Appeals & Rev.*, 794 A.2d 416,
423 (Pa. Comm. Ct. 2002)).

The primary deficiency in this Motion is that—other than a vague reference to Plaintiff's "personal
knowledge" without any citation to an affidavit, deposition, or documentation—it does nothing to
advance the claim that this proposed class exists. Without even a scintilla of evidence, Plaintiff cannot
meet its burden to certify its proposed class.

The Motion's deficiency is notable considering the eagerness of its filing. Plaintiff filed this Motion
more than a month before it was due and with thirty days remaining in discovery. *See* ECF No. 16, ¶
5(d) (Scheduling Order). The Court denies the Motion without prejudice so that Plaintiff may bolster
its request with evidence gleaned from discovery.

**IT IS FURTHER ORDERED** that Plaintiff shall file its motion for conditional certification of the FLSA collective action by **Friday, January 19, 2024**.[2] Failure to do so may result in the dismissal of this Plaintiff's Wage Payment and Collection Law class claims without further order from the Court.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] Plaintiff's motion for conditional certification is six weeks overdue. *See id.* at ¶ 2. Plaintiff is reminded that the statute of limitations in a collective action is not tolled until conditional certification is granted.